# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW HORSNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-01130 |
| ) | District Judge Kevin H. Sharp |
| YOUNG MEN'S CHRISTIAN ) | Magistrate Judge John S. Bryant |
| ASSOCIATION OF MIDDLE ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

It is hereby agreed by and among all parties to the above-captioned action ("Action"), through undersigned counsel, that the parties will be producing confidential information and documents during the course of discovery in this Action, and a need exists to enter a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, establishing a procedure for the parties to designate and protect the confidential nature of all such information and documents. For good cause, and based upon the agreement of the parties:

IT IS THEREFORE ORDERED, ADJUDGED and DECREED:

1. That any interrogatory response, document, deposition testimony, or other thing produced in the course of discovery which contains: (a) any non-public financial information of Defendant the Young Men's Christian Association of Middle Tennessee (the "YMCA"), (b) any trade secret and other proprietary information of the YMCA, (c) any non-public information concerning any employee of the YMCA or any of its corporate affiliates; or (d) any other non-public, confidential business or corporate information

of the YMCA may be marked "CONFIDENTIAL" and shall generally be referred to as "Confidential Information." The parties shall exercise good faith in designating material as confidential. Any item not marked "CONFIDENTIAL" need not be treated as Confidential Information under this Order, unless the provisions of Paragraphs 2 or 12 are invoked.

2. Any interrogatory response, document, deposition testimony, or other thing produced by the parties containing information in which Plaintiff Mr. Horsnell ("Plaintiff"), or any officer or employee of the YMCA or its corporate affiliates has a significant personal privacy interest may be designated as "CONFIDENTIAL" by either party. Such information shall include, without limitation, those containing social security, bank account, medical condition(s) and or histories, or other similar personal information of such person and/or his family. It shall also include, without limitation, any information concerning the employment by the YMCA or any of its corporate affiliates of persons who are not party to this lawsuit.

3. With respect to any documents and things produced by the parties for inspection and copying, or any interrogatory response, which is designated as "CONFIDENTIAL", the documents and things, and the information contained therein, shall be kept confidential and, except as noted in paragraph 7 hereof, shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

(a) The outside counsel in this Action and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside counsel (collectively referred to as "outside counsel");

(b) A party to this Action, any director or officer of a party to this Action, in-house counsel to any such person or party; and the secretarial, paralegal, and clerical staffs of each such person, counsel, or party;

(c) Independent experts and consultants, and the employees of such experts and consultants who are assisting them, who are providing advice in connection with the litigation or trial preparation of this Action, upon the condition that the experts shall agree in writing to be bound by the terms of the Protective Order, as set forth in Exhibit A;

(d) Third party entities and the employees of said third party entities retained by the outside counsel to provide support services in this Action, subject to Paragraph 5;

(e) The Court and court employees, court reporters, stenographers, and videographers;

(f) Any mediator appointed by the Court or agreed to by the parties;

(g) The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated; and

(h) A witness at any deposition or other proceeding in this action, provided that, as to witnesses not otherwise entitled to see Confidential Information under the terms of the other subparts of this Paragraph, the disclosing party has a good faith basis to discuss or reveal the Confidential Information to the witness for the sole purpose of prosecuting, defending, and/or appealing this action;

(i) Such other persons as hereafter may be designated by written agreement of the parties to this Action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure;

(j) Furthermore, the documents and things, and the information contained therein, shall be received and used only for the purposes directly related to this action and not for promotional, competitive, or any business purpose, or for any personal gain of any kind.

4. In the event that the disclosure of documents or information subject to this Order is likely to be disclosed during the course of a deposition, then counsel for the parties shall direct the court reporter to mark such confidential portions of the transcript prominently with the legend "CONFIDENTIAL."

5. That all persons, other than the parties and their counsel, present at the taking of the depositions in which such information is involved, upon notice of the terms of this Protective Order, are prohibited from using or disclosing to any other person not directly interested in this litigation or not authorized under this Protective Order to receive such information except use for the sole purpose of litigating this Action.

6. The information contained in any interrogatory response or any documents and things designated as "CONFIDENTIAL," or any deposition testimony and transcripts relating to them, may be disclosed only for the purposes of litigating this Action and for no other purpose whatsoever except as otherwise required by law. Any person having access to confidential information shall be notified of the provisions of this Order or provided with a copy of this Order and advised that any willful violation thereof may be punished as contempt.

7. Unless counsel for the parties agree otherwise, or until an order of this Court directs otherwise, all CONFIDENTIAL material and all pages of any briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing recitations, notes or summaries of material which has been designated as CONFIDENTIAL pursuant to this Order which are presented to the Court shall be filed under seal.

8. Other than as provided in Paragraph 7, nothing in this Order prohibits information identified as "CONFIDENTIAL" from disclosure at the trial of this Action or its admission into evidence at the trial of this Action, thereby becoming public record, unless a written or oral motion or prior agreement of the parties provides otherwise. The parties shall attempt to resolve, by agreement, all possible issues relating to this paragraph prior to trial.

9. Acceptance by a party of any information, interrogatory response, document, or other thing identified as "CONFIDENTIAL" hereunder shall not constitute a concession that the information, interrogatory response, document, or other thing is a trade secret, proprietary, or otherwise "CONFIDENTIAL" as provided hereunder.

10. Those documents, deposition transcripts, or other information identified by the parties as "CONFIDENTIAL" and all copies thereof, shall be retained at the offices of counsel for the receiving party, and at the termination of this Action, unless otherwise ordered by the Court, either (a) shall be returned to counsel for the producing party, or (b) shall be destroyed within 60 calendar days of the conclusion of all proceedings in this Action, including but not limited to any appeals.

11. Each party shall exercise good faith in designating material as confidential. If the receiving party disagrees with the designation of any document as "CONFIDENTIAL," the receiving party shall request in writing the designating party to redesignate such document. The designating party shall then either affirm the designation as "CONFIDENTIAL" or redesignate the document within five (5) business days after receipt of the request to redesignate. If the receiving party moves the Court for removal of the "CONFIDENTIAL" designation, the designating party has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status.

12. If through inadvertence, error or oversight, a party fails to properly designate a document, tangible thing, deposition testimony, interrogatory response, or information as "CONFIDENTIAL" at the time of production or disclosure, the producing party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s), deposition testimony, interrogatory response(s), or information to be reclassified and shall specify the particular designation to be applied. Thereafter, the receiving party shall treat such document(s), tangible thing(s), deposition testimony, interrogatory response(s), or information in the same manner as if it had been properly designated or classified originally. However, all social security numbers and private health information shall be considered "CONFIDENTIAL" regardless whether such information was specifically designated as such.

13. By making information and documents designated as Confidential Information available for use in this Action, no party has waived or compromised the confidentiality, protectability, or privilege of the information or documents.

14. Any production by a producing party shall redact private information in the same manner applicable to court filings pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure.

15. The terms of this Protective Order shall survive the termination of this litigation, and the Court shall retain jurisdiction of this action after its final disposition for the purpose of enforcing this Protective Order.

16. This proposed Order shall be in effect upon execution by counsel for Plaintiff and Defendants. The parties agree to-be bound by the terms of this proposed Order pending its adoption or supplementation by the Court.

IT IS SO ORDERED this 2nd day of June 2014.

_____
MAGISTRATE JUDGE BRYANT

APPROVED FOR ENTRY:


s/ Heather M. Collins w/ permission
Heather M. Collins, Esq.
Collins Law Firm
2002 Richard Jones Road, Suite 200-B
Nashville, Tennessee 37215
heather@hmcollinslaw.com

*Attorney for Plaintiff Matthew Horsnell*



s/ Michael R. Ewing
Joseph A. Kelly, #014921
jkelly@fbtlaw.com
Michael R. Ewing, #027215
mewing@fbtlaw.com
Frost Brown Todd LLC
150 Third Avenue South, Suite 1900
Nashville, Tennessee 37201
615.251.5550
615.251.5551 Fax

*Attorneys for Defendant Young Men's
Christian Association of Middle Tennessee*

# EXHIBIT A

1. I, _____, have read the foregoing Protective Order entered in an action entitled *Horsnell v. Young Men's Christian Association of Middle Tennessee,* Case No. 3:13-CV-01130, United States District Court for the Middle District of Tennessee, ("Action"), and agree to be bound by its terms with respect to any documents, tangible things, interrogatory response, information or materials that are furnished to me as set forth in the Protective Order.

2. I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under this Protective Order any documents, tangible things, interrogatory response, information or materials designated "CONFIDENTIAL."

3. I hereby agree that any documents, tangible things, interrogatory response, information or materials furnished to me will be used by me only for the purposes of this Action and for no other purpose whatsoever, and will be returned to the person who furnished such documents, tangible things, interrogatory response, information or materials to me or destroyed.

_____
Signature                                             Date

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.01, it is hereby certified that service of a true and correct copy of the foregoing has been made upon the following Filing Users through the Electronic Case Filing System on this the 23rd day of May, 2014:

>Heather M. Collins, Esq.
>Collins Law Firm
>2002 Richard Jones Road, Suite 200-B
>Nashville, Tennessee 37215
>heather@hmcollinslaw.com
>
>*Attorney for Plaintiff Matthew Horsnell*

                                                    s/ Michael R. Ewing