```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

MATTHEW HORSNELL,              )
                               )
         Plaintiff             )
                               )    No. 3:13-1130
v.                             )    Judge Sharp/Bryant
                               )    **Jury Demand**
YOUNG MEN'S CHRISTIAN          )
ASSOCIATION OF MIDDLE          )
TENNESSEE,                     )
                               )
         Defendant             )
```

## MEMORANDUM AND ORDER

Pending in this case is Defendant's motion to compel (Docket Entry No. 16), to which Plaintiff has responded in opposition (Docket Entry No. 20). Defendant has filed a reply (Docket Entry No. 21-1).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part Defendant's motion.

## STATEMENT OF THE CASE

Plaintiff Horsnell has filed his complaint alleging that the Defendant YMCA has violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*., ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 1201, *et seq*. ("ADA") and the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103 ("TDA") by denying him leave required by the FMLA and retaliating against him for seeking such leave and discriminating and retaliating against him on the basis of his disability in violation of the ADA and the TDA (Docket Entry No. 1). Defendant YMCA has filed an answer

denying liability and asserting affirmative defenses (Docket Entry No. 13).

## ANALYSIS

Defendant YMCA in its motion to compel seeks an order compelling supplemental responses to four interrogatories and three requests for production served upon Plaintiff Horsnell.

<u>Interrogatory No. 6</u>. Interrogatory No. 6 seeks certain information regarding Plaintiff's employers since age 18 to the present. For each employer, the interrogatory seeks the identity of the employer, the identity of Plaintiff's direct supervisor, Plaintiff's job title, a description of Plaintiff's job duties, his ordinary work schedule, his rate of pay, his inclusive dates of employment, and the reason or reasons the employment ended.

Plaintiff has objected on grounds of overbreadth, undue burden and irrelevance (Docket Entry No. 17-7). Despite his objections, Plaintiff has provided the names of his employers from June 1, 2004, to the present, the inclusive dates of his employment by each, and his job titles.

The undersigned Magistrate Judge finds that listing Plaintiff's employers for the prior 10 years, beginning June 1, 2004, is sufficient, and that information regarding employment held prior to that date is not reasonably calculated to lead to the discovery of admissible evidence. Therefore, to the extent that Defendant's interrogatory seeks information about Plaintiff's

employers prior to June 2004, Defendant's motion to compel is **DENIED**. The undersigned further finds that, with respect to the employers he has listed, Plaintiff should serve supplemental responses including the additional information sought by this interrogatory to the extent that Plaintiff possess responsive information.

<u>Interrogatory No. 8</u>. Interrogatory No. 8 seeks the identity of all health care providers who have treated Plaintiff within the past five years, together with inclusive dates of treatment, the reasons or conditions for which treatment was sought, and a description of treatment rendered, tests performed and medication prescribed by each provider.

Plaintiff has objected on grounds of overbreadth. Despite this objection, Plaintiff has listed five providers, the specialty of each provider, and the condition or conditions for which treatment was sought from each. The undersigned finds that Plaintiff's responses to Interrogatory No. 8 are sufficient, and that Defendant may conduct further discovery of Plaintiff's medical treatment by questioning Plaintiff in deposition, obtaining medical records from Plaintiff's treatment providers, and by deposing Plaintiff's doctors and other providers. To the extent that Defendant's motion to compel seeks an order requiring further response to Interrogatory No. 8, Defendant's motion is **DENIED**.

Interrogatory No. 11. Interrogatory No. 11 seeks the identity of all sources of income the Plaintiff has received since the end of his employment with the YMCA, including wages earned, gifts or allowances received, governmental assistance, insurance benefits, investment income, or any other type of income. Plaintiff has objected to this interrogatory on grounds of vagueness, overbreadth and undue burden. Despite this objection, Plaintiff has agreed to provide copies of W-2's since his termination at the YMCA.

The undersigned Magistrate Judge finds that income earned by Plaintiff Horsnell since his employment at the YMCA is clearly relevant in this case, at least to the issue of damages. Accordingly, as explained below, the undersigned will order Plaintiff to produce copies of his federal income tax returns for the five previous tax years in response to Defendant's request for production. In the absence of any showing that additional information regarding Plaintiff's income would be relevant or reasonably calculated to lead to the discovery of admissible evidence, Defendant's motion seeking an order for additional response to Interrogatory No. 11 is **DENIED**.

Interrogatory No. 13. By its motion, the YMCA seeks an order compelling Plaintiff to provide certain nonpublic information contained on Plaintiff's Facebook and LinkedIn accounts. Apparently, Plaintiff has produced certain limited information

4

publically available on these two social networking sites (Docket Entry Nos. 17-9 and 17-10).

This Court has previously found that an adverse party does not have a generalized right to rummage through information that a party has limited from public view on a social networking site. Rather, there must first be a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence. Otherwise, a discovering party would be allowed to engage in "the proverbial fishing expedition, in the hope that there **might** be something of relevance in Plaintiff's Facebook account." *Potts v. Dollar Tree Stores, Inc.*, 2013 WL 1176504 at *3 (M.D. Tenn. Mar. 20, 2013) (quoting *Thompkins v. Detroit Metro. Airport*, 728 F.R.D. 387, 388 (E.D. Mich. 2012)). The undersigned finds that Defendant YMCA has failed to make a sufficient threshold showing to support an order requiring Plaintiff to produce copies of nonpublic information from his Facebook and LinkedIn sites, and to that extent Defendant's motion to compel further response to Interrogatory No. 13 is **DENIED.**

Request for Production No. 9. Request No. 9 seeks production of Plaintiff's federal income tax returns for the last five tax years. Plaintiff has objected on grounds of overbreadth, undue burden, and irrelevance. Plaintiff also objects because Plaintiff's tax returns also reveal his wife's income.

As stated above, Plaintiff's earnings since his termination are clearly relevant to his claim for damages. Therefore, the undersigned finds that Defendant's motion to compel further response to Request No. 9 should be **GRANTED**, and that Plaintiff shall produce copies of his federal income tax returns for the last five tax years. Plaintiff may redact information that is related solely to his wife's income.

Request for Product Nos. 14 and 15. Request for Production No. 14 seeks to require Plaintiff to execute a release authorizing his employers to release copies of his employment records. Request No. 15 similarly seeks to have Plaintiff execute a release authorizing his medical treatment providers to release his medical records to Defendant. The undersigned Magistrate Judge finds that the Federal Rules of Civil Procedure fail to require a party to execute such a release and, on this ground alone, Defendant's motion to compel is **DENIED**. Nevertheless, Plaintiff is **ORDERED** to produce any such responsive medical or employment record that he has within his possession, custody or control, including the possession, custody or control or his attorney. Otherwise, Defendant may seek to obtain such employment and medical records directly from Plaintiff's employers or health care providers by means of subpoenas issued pursuant to Rule 45.

As stated above in this memorandum, Defendant's motion to compel is **GRANTED** in part and **DENIED** in part. Additional responses required herein shall be served by **December 15, 2014**.

It is so **ORDERED**.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge